IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA SISKO,<br><br>      Plaintiff,<br>v.<br><br>ALLEGHENY COUNTY,<br><br>      Defendant. | ) Civil Division<br>)<br>) No. 2:20-cv-01268<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>) |

## AMENDED COMPLAINT

AND NOW COMES Plaintiff Angela Sisko ("Plaintiff"), by and through her undersigned counsel, and brings this Amended Complaint, pursuant to F.R.C.P 15(a)(1), seeking legal and equitable relief for unlawful gender and employment discrimination and wrongful termination against Defendant Allegheny County ("County" or "Jail" or "Defendant") in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), stating as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1332 and 1391. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII").

2. The unlawful employment practices were committed by the Defendant in Pittsburgh, Pennsylvania, where Plaintiff worked for Defendant in or around Allegheny County, Pennsylvania. Therefore, the United States District Court for the Western District of Pennsylvania is the proper venue for the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §1391(b).

3. Plaintiff was terminated, removed from the schedule and/or constructively discharged on or about May 1, 2020 and she timely exhausted her administrative remedies by filing

1

a charge within 30 days after Defendant refused to schedule the Plaintiff with the United States Equal Employment Opportunity Commission ("EEOC") at Charge No. 533-2020-01132. Plaintiff's Charge is incorporated by reference as if fully set forth herein. On May 29, 2020, the EEOC mailed Plaintiff a Dismissal and Notice of Rights letter (the "Right to Sue" letter) advising her of the right to bring this action. Plaintiff has filed the instant suit within 90 days of receipt of the Right to Sue letter.

4. Defendant is an employer within the meaning of Title VII.

## PARTIES

5. Plaintiff is a 41-year-old female individual who resides at 567 Irwin Run Rd. West Mifflin 15122.

6. At all relevant times hereto, Defendant was Plaintiff's employer and is a public entity and Pennsylvania county responsible for the employees of the Allegheny County Jail and Bureau of Corrections and is charged with providing for the care, custody and control of persons committed to the Allegheny County Jail located at 950 Second Avenue, Pittsburgh, PA 15219.

## FACTS

7. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

8. Plaintiff worked as an RN and detox nurse coordinator at the Allegheny County Jail and for the Allegheny Bureau of Corrections from February 2017 through on or about May 1, 2020 earning approximately $30/hour plus benefits.

9. When Plaintiff was hired, she had naturally appearing red hair.

10. However, in early 2020, Laura Williams, Allegheny County Jail Chief Deputy of Healthcare Services, advised Plaintiff that she needed to change her hair color and that she would be removed from the schedule if she did not do so.

11. Section 10 of the Allegheny County Bureau of Corrections Healthcare Services Department professional appearance policy states, in pertinent part:

> Hair Styles
>
> i.  Hair should be kept clean, neatly trimmed, and groomed.
> …
>
> iii. Hair shall consist of only natural hair colors. Extreme or fad type of artificial hair colors (purple, pink, green, magenta, etc.) are prohibited.

12. Plaintiff did not violate this policy with red hair; nonetheless, Defendant advised Plaintiff that her hair color was not in compliance.

13. Defendant did not apply its personal appearance policy to male and female employees in an equal similar manner.

14. For example, men without clean, trimmed, or groomed hair were not disciplined or removed from the schedule.

15. Plaintiff wore a wig for some time as a result; however, co-workers made comments to Plaintiff such as, "I hope the drapes match the carpet," and "I bet your boyfriend likes having two girlfriends."

16. Plaintiff complained about the comments and a hostile work environment and, in February 2020, the following e-mail exchange occurred between Plaintiff and her supervisor concerning the personal appearance policy, hostile work environment, retaliation and Plaintiff's red hair:

RE: hair color

**You** — To Williams, Laura — Feb 4

Good afternoon Laura,

I am touching base about being called in to Rita's office in regards to my hair color. I have had this hair color for 6 years now and was hired with this hair color 3 years ago. I do not find it appropriate for someone to demand me to change something that has been accepted for my entire employment at the ACJ. My hair color does not have any effect on my job performance and I feel like this is harassment. This job is difficult enough without people adding additional stress on us for no reason. I work very hard and do a lot of extra tasks that are not required of my position for minimal pay for an RN with my experience and I do not think that it is fair to expect me to change my hair color. I work in a hospital which has strict policies in regards to appearance and my hair is accepted there. Besides that, you have staff with tattoos all over their bodies which can be considered more offensive than red hair. That being said, I would like to know what the punishment is if I do not change my hair color. Should I start looking for another job because I do not want to change my hair.
Thank you,
Angie

 Williams, Laura
To You

Feb 5

Angie –

I appreciate the outreach and request for clarification. I understand that you were hired with this hair color and that these circumstances are frustrating for you. The policy has been in effect (for healthcare specifically) since 9/13/17 and has been revised on 7/18/18 and 2/21/19. The facility policy has an effective date of 7/22/14 with a revision date of 11/25/19. Policies are expected to be adhered to. It was recently addressed to supervisory staff that this has not been enforced and multiple staff were identified. Please understand that conversations, such as the one that you had yesterday, are happening throughout the facility and in multiple departments, so that we can be in compliance. This is not harassment to you.

As I read your email below, I understand that you feel that this is not a fair expectation to change your hair color and that another employer may not have the same expectations. Compliance to this policy will be expected to be met by the deadline you were provided during your meeting yesterday. This policy was not created to determine what is or is not "offensive," but was developed as an expectation for employees to understand the appropriate guidelines when reporting for duty.

If you do not change your hair color and meet compliance, you will not be permitted to work and can be placed off of the schedule, without pay, until you are eligible to reach compliance. If this is something you are unwilling to consider, I understand your position and that you feel that you may not be able to continue working with our organization. I would hate to lose you from this organization and this department. You have added so much value and have encouraged, supported, and advocated for the fair and equitable treatment of individuals who have substance use issues.

Whatever you choose, in terms of your employment, I support. I hope you will consider everything.

Laura K. Williams, NCC
**Chief Deputy Warden of Healthcare Services**
Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219
Phone: 412-350-2025
Fax: 412-350-2032
Laura.Williams@AlleghenyCounty.US



**You**  
To Williams, Laura

Feb 5

I am unsure as to how you or any other person in administration are able to determine what is a natural shade of red. There are people working here with shades of blond that are clearly not natural. People are born with many different shades of hair. I do not believe that people are born with brown hair with blond highlights or boliaged hair, yet nothing is being said to them. Carla has almost the same color hair as I do, yet nothing was said to her. Also, you said that this has been in effect since 2014. I was hired in 2017. At that time, it was never told to me that my hair color was unacceptable, nor has it ever been said in the 3 years that I have been here. Had I known that the jail reserved the right to tell me that I have to change my appearance in order to maintain employment, I would have never accepted the job. I do feel as though this is harassment and discrimination and is causing a hostile work environment.



**Williams, Laura** — Feb 5
To You, Beaver, Jeremy and Lee, Robert M.

Angie –

Because you have cited that you feel this notice is harassment, discrimination, and a hostile work environment, I have cc'ed Jeremy Beaver and Robert Lee to this email.

We will not be able to have this discussion further. Your opinion and perspective is noted, but irrelevant to the expectation of compliance to procedure. You have been provided with notice and the choice is yours to be in compliance with the policy or not. I cannot and will not discuss any other personnel matters involving other employees with you. You have also been informed what the remedies will be should you not comply with procedure.

Laura K. Williams, NCC
**Chief Deputy Warden of Healthcare Services**
Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219
Phone: 412-350-2025
Fax: 412-350-2032
Laura.Williams@AlleghenyCounty.US

17. Regardless of the above e-mail exchange and the fact that Plaintiff was in compliance with the Jail's relevant appearance policy as she did not have an extreme or fad type of artificial hair color, but rather naturally appearing red hair, Defendant removed Plaintiff from the schedule effectuating a wrongful termination of her.

18. Defendant disparately enforced its personal appearance policy against men and women; therefore, engaging in gender discrimination in violation of Title VII.

19. At all times relevant hereto, Defendant was Plaintiff's employer, and was an employer within the meaning of and subject to anti-discrimination and anti-retaliation statutes.

20. Plaintiff was in a protected class under Title VII at the time the acts of discrimination and wrongful termination occurred.

21. Plaintiff suffered damages including lost wages, back and front pay, benefits, retirement and pension contributions, and emotional distress and anguish as a result of Defendant's treatment of her.

22. At all relevant times hereto, Defendant acted or failed to act by and through its duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment.

## COUNT I
## TITLE VII VIOLATION – DISCRIMINATION

23. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

24. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff based on her gender.

25. Upon information and belief, male employees with red hair at the Jail are not required to change their hair color.

26. Plaintiff complied with Defendant's hair color policy, yet she was terminated while male employees not in compliance with the same policy remain employed by Defendant.

27. The Allegheny County Bureau of Corrections Healthcare Services Department professional appearance policy is also discriminatory against women.

28. At all times relevant, Defendant was each an "employer" within the meaning of Section 701(b) of Title VII.

29. Plaintiff was intentionally discriminated against on the basis of her sex and red hair color as a female, in violation of Title VII.

30. The discriminatory conduct and wrongful termination to which Plaintiff was subjected, as described above, has caused Plaintiff substantial harm, including but not limited to emotional distress, mental anguish, anxiety, humiliation, embarrassment, pain and suffering, discomfort and inconvenience.

31. The discriminatory conduct to which Plaintiff was subjected, as described above, would have detrimentally affected a reasonable person in Plaintiff's position.

32. Defendant knew or should have known about the discriminatory conduct and sexually harassing comments referenced above in Paragraph 15 to which Plaintiff was subjected and failed to take appropriate remedial action.

33. Defendant's failure to maintain a workplace free of sexual harassment and a failure to take prompt remedial action to address the hostile work environment to which Plaintiff was subjected was intentional, malicious and in reckless indifference to Plaintiff's protected federal rights.

34. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages asset forth herein.

35. Defendant's egregious and deplorable treatment of Plaintiff throughout her career constitutes conduct and employment practices made illegal under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1).

36. Defendant's conduct described above had the purpose and effect of depriving Plaintiff of the rights enjoyed by individuals outside her protected class and, therefore, was in violation of Title VII.

37. As a direct and proximate result of the discrimination and wrongful termination which Plaintiff suffered while employed by Defendant, Plaintiff has suffered not only tangible economic loss in the form of lost back pay and benefits and lost front pay and benefits, but also emotional and physical distress, embarrassment and humiliation, and pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic losses she has suffered and will continue to suffer.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## **DEMAND FOR JURY**

WHEREFORE, Plaintiff demands judgment against Defendants, and damages in excess of $75,000 as follows:

a. That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of Plaintiff's damages associated with Defendant's discrimination, retaliation, and wrongful termination of Plaintiff pursuant to Title VII, plus interest;

b. That Plaintiff be awarded compensatory damages to compensate for all costs associated with the discrimination and wrongful termination including lost wages;

c. That Plaintiff be awarded nominal damages;

d. That Plaintiff be awarded the costs of this litigation, including reasonable attorney's fees; and

e. That Plaintiff be awarded such further relief as deemed to be just and proper.

Date:   December 28, 2020	Respectfully Submitted,

	*/s/ Brian P. Benestad*
	Brian P. Benestad, Esquire
	Pa. I.D. 208857
	HKM EMPLOYMENT ATTORNEYS LLP
	220 Grant Street
	Suite 401
	Pittsburgh, PA  15219
	412.485.0133
	bbenestad@hkm.com

	**JURY TRIAL DEMANDED**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Amended Complaint was filed electronically on December 28, 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and via electronic mail. Parties may access this filing through the Court's system.

                                              */s/ Brian P. Benestad*
                                              Brian P. Benestad, Esquire